GUILLERMO PETTERSON, Plaintiff and Appellant, *v.* JUAN RODENA and MIGUEL RUIZ SOLER, Defendants and Appellees.

No. 4089.   Argued February 10, 1927.—Decided February 18, 1927.

*B. T. Pacheco* for the appellant.   *R. Castro Fernández* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff, a baker, brought suit against two other bakers, one of them president of a bakers' association, for the recovery of money claimed to be due from defendants under the terms of a verbal agreement whereby plaintiff had been induced to demolish the oven in his bakery.

The court below after a trial on the merits dismissed the action for reasons stated as follows:

"The testimony for plaintiff tended to show:

"That on November 5, 1924, defendants, Juan Rodena and Miguel Ruiz Soler, went to the home of plaintiff, Guillermo Petterson, where it was agreed, *orally,* between plaintiff and defendants that plaintiff should remove the oven and the bakery referred to in the complaint, and that, on the other hand, defendants Rodena and Ruiz Soler should pay plaintiff Petterson the sum of seven hundred dollars; and that in compliance with this agreement, the oven was destroyed and plaintiff has not been paid the seven hundred dollars up to the present time.

"Defendants Juan Rodena and Miguel Ruiz Soler while on the stand denied that they had visited plaintiff's house on November 5, 1924, or before or after that date, and denied that they had entered into such agreement with plaintiff as to the removal of the oven.

"The defendant, Juan Rodena, testified, among other things:

"That he had leased the bakery, including the oven, for the sum of fifty dollars a month; that one day Petterson came and told him that the building was going to be sold at public auction and that, therefore, he was going to rescind the lease, and, the lease was then rescinded. He also testified that the oven was worth only fifty dollars.

"Plaintiff Petterson testified: That the said contract relative to the removal of the oven was oral and that there was no writing of any kind. He also testified that the oven was on a lot sold at public auction to a person other than the defendant, and that some months later, plaintiff Petterson reconstructed the oven and the bakery on the original site.

"There is a conflict between the testimony for plaintiff and that of defendants, Rodena and Ruiz Soler, and the court does not find that the averments of the complaint have been satisfactorily proven, for the following reasons:

"Because, according to section 162 of the Law of Evidence, the court or jury is not bound to decide in conformity with the declarations of any number of witnesses, which do not produce conviction in its mind, against a less number or against a presumption or other evidence satisfying its mind.

"And in this case the court can not realize what interest the defendants Rodena and Ruiz Soler could have in the removal by plaintiff of an oven installed on a property about to be sold at public auction, as it was actually sold, in the mortgage foreclosure proceeding No. 1163, wherein the complaint was filed on the 26th of the same month of November, 1924.

"Another fact which arrests the attention of the court is that, the contract was oral, without the execution of even a mere promissory note by the defendants in favor of plaintiff Petterson. Besides, the court has taken into consideration the sound warning of section 1216 of the Civil Code, which reads thus:

" 'The force of proof of depositions of witnesses shall be weighed by the courts in accordance with the provisions of the law of civil procedure (now the Law of Evidence), taking care to avoid that, by the simple coincidence of some depositions, unless their truthfulness be evident, the affairs may be finally decided in which instruments, private documents, or any basis of written evidence are usually made use of.' "

The assignment of errors specifies that:

"1.—The district court erred in admitting and giving probative force thereto, over the objection of plaintiff, the record of civil case No. 1163, foreclosure proceeding of Miguel Contreras Puig against Guillermo Petterson.

"2.—The district court committed manifest error in weighing the evidence.

"3.—The court erred, infringing section 1216 of the Civil Code, in the misapplication of section 162 of the Law of Evidence."

At the close of the testimony for defendants the following incident occurred:

"Counsel for defendants: That's all our evidence, sir. Now we offer in evidence the foreclosure proceeding No. 1163 brought by *Miguel Contreras Puig* v. *Guillermo Petterson*, in order to show that at the time the oven was removed, it formed part of a property that was involved in a mortgage foreclosure proceeding pending before this honorable court.

"Counsel for plaintiff: In fact, I was planning to adopt it as my own evidence, but now I see that it is immaterial in this case, because it appears that the complaint was filed on November 25, 1924, and the contract before us was made on November 5, 1924.

"Judge: The court admits the record in order to give it whatever force it may have together with the other evidence. Let it be marked Ex. A. for defendant.

"Counsel for defendants: That is our case."

Obviously an objection made in this way and without exception taken to the ruling of the court thereon does not demand serious consideration. It is equally plain that the record in question was offered as an aid to the court in weighing the testimony and that there was no impropriety in permitting defendants thus to show that the foreclosure proceeding was about to be instituted at the time of the alleged verbal agreement and of the performance by plaintiff of the obligation imposed upon him by that contract.

Moreover, plaintiff himself as the first witness to take the stand begins with the explanation that in October, 1925, he was notified of the prospective foreclosure and broached

to defendants the question of raising the money needed to avert this impending disaster. This witness thereafter repeatedly refers in his testimony to the fact that the mortgage was about to be foreclosed. That circumstance seems to have been uppermost in the mind of plaintiff as a salient feature of the situation which prompted him to enter into the alleged agreements with defendants. It follows that the introduction in evidence of the record in the foreclosure proceeding was at most merely corroborative of the statements already made by plaintiff and by reason of the cumulative character of the evidence in question could hardly be regarded as a sufficient ground for reversal.

The extract *supra*, from the statement filed by the trial judge suffices to indicate that if the testimony for plaintiff was true then that of the defendants was utterly false and vice versa. The court below was obliged to choose between the two conflicting versions as to the truth of the matters alleged in the complaint and after a careful examination of all the evidence we find no reversible error either in the conclusion reached by the district judge or in the reasons assigned therefor.

The judgment appealed from must be affirmed.